IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| VILAIRE CHARLOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 310-080 |
| ) | |
| CORRECTION CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who was an inmate at the McRae Correctional Facility ("MCF") in McRae, Georgia at the time he commenced this action,[1] ostensibly filed the above-captioned case pursuant to 42 U.S.C. § 1983.[2] Because Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed,

---

[1] Plaintiff has been released in the time since he filed his complaint.

[2] Plaintiff initially filed the above-captioned case under 42 U.S.C. § 1983. Section 1983, however, only authorizes claims alleging the deprivation of constitutional rights by persons acting under color of state law. The authority to maintain custody of federal prisoners is one created by federal law and reserved solely to the federal government. Thus, relief under § 1983 is not available to Plaintiff. See, e.g., Sarro v. Cornell Corr., Inc., 248 F. Supp.2d 52, 64 (D. R.I. 2003). Accordingly, the Court will construe Plaintiff's complaint broadly as an attempt to state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

Plaintiff names the following Defendants in this action: (1) the Corrections Corporation of America ("CCA")[3]; (2) MCF; (3) Walt Wells, the Warden at MCF; (4) Kamala Grant, the Assistant Warden at MCF; and (5) Betty McLendon, the Chief of Education at MCF. (Doc. no. 1, p. 1.) Plaintiff alleges that during his confinement at MCF, he created several original paintings. (Id. at 10.) According to Plaintiff, prison officials did not provide him with specific rules regarding the disposal or transfer of his art works because his confinement at MCF was for a short amount of time. (Id.)

Plaintiff further alleges that near the end of his confinement at MCF, Defendant McLendon improperly confiscated 18 of his paintings. (Id.) In addition, Plaintiff avers that Defendants McLendon and Grant refused to allow Plaintiff to send his paintings home so that he could retrieve them following his release. (Id.) Plaintiff asserts that he did not have time to complete the process for filing grievances regarding this matter prior to the end of his confinement at MCF. (Id. at 10-11.)

## II. DISCUSSION

Plaintiff attempts to hold Defendants liable for violating his Fifth Amendment rights under Bivens, *supra*. Accordingly, the threshold question arises as to whether liability under

---

[3]CCA is a private corporation which has contracted with the Federal Bureau of Prisons ("BOP") to house federal prisoners at MCF.

2

Bivens may extend to privately operated prisons and their individual employees. The applicable Eleventh Circuit and Supreme Court case law make clear that it may not.

In Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008), the Eleventh Circuit held that prisoners in a private federal facility are not entitled to Bivens relief when adequate state remedies are available. Reaching a similar conclusion, the Fourth Circuit explained that the fact that a defendant is an employee of a private corporation should "counsel[] hesitation" in extending Bivens. Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006). Indeed, if the purpose of Bivens is to deter federal government officials from misconduct, it would appear doubtful that Bivens should be applied to private citizens. Id. The Constitution itself is meant to circumscribe the limits of *government* action, not private action. Id. Of course, a possible argument exists that, in operating a private prison housing federal inmates, Defendants have become government actors. The Court, however, rejects this argument.[4] As noted by the Fourth Circuit, under the Supreme Court's decision in Richardson v. McKnight, 521 U.S. 399, 405 (1997), "the operation of prisons is not a 'public function.'" Holly, 434 F.3d at 293. As a result, it is difficult to see how Defendants' actions in connection with Plaintiff's property at a privately operated prison can be properly considered government action. See id. at 293-94.

Furthermore, Alba provides that prisoners in a private federal facility are not entitled to Bivens relief when adequate state remedies are available. Alba, 517 F.3d at 1254; see also

---

[4]In Alba, the Eleventh Circuit was able to reach its decision without deciding whether the private prison is a government actor for purposes of Bivens liability. Alba, 517 F.3d at 1254.

3

Holly, 343 F.3d at 297 (Motz, J., concurring) ("Because [the plaintiff] possesses an alternative remedy for his alleged injury, no action under [Bivens] lies ...."). Here, the sole basis for Plaintiff's Bivens claim is the alleged deprivation of his property. Georgia law clearly provides him with a tort remedy for this claim in state court in the form of a statutory conversion action. See O.C.G.A. §§ 51-10-1 (providing for conversion action) & 44-12-152 ("For personalty unlawfully detained, the plaintiff may recover a sum in the amount of the highest value which he is able to prove existed between the time of the conversion and the trial"). Indeed, Plaintiff has an arguably superior cause of action under Georgia's conversion statute. See Romano v. Ga. Dep't of Corr., 693 S.E.2d 521, 524 (Ga. Ct. App. 2010) (prisoner stated claim under O.C.G.A. § 51-10-1 for allegedly unlawful confiscation of property by prison officials); Grant v. Newsome, 411 S.E.2d 796, 798 (Ga. Ct. App. 1991) (holding that punitive damages are recoverable in conversion action). Thus, because Georgia law provides an adequate remedy for conduct alleged by Plaintiff, he is not entitled to Bivens relief.

Furthermore, concerning Defendants CCA and MCF, Bivens does not extend to allow recovery against private corporations like CCA that operate facilities under contract with the Bureau of Prisons, or against such facilities themselves, such as MCF. See Correctional Services Corp. v. Malesko, 534 U.S. at 63, 71-74. Accordingly, Plaintiff's claims against Defendants CCA and MCF would fail even if those claims were not subject to dismissal for the previously stated reasons.

In addition, Plaintiff alleges that Defendants Wells, Grant and McLendon acted in

violation of 28 C.F.R. § 544.35, the BOP regulation regarding "Art and hobbycraft" in federal prisons. However, an allegation of a non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"). Moreover, where an inmate alleges a deprivation of liberty or property, the question arises as to whether the prison regulation in question affords the inmate a protected interest under the Due Process Clause. See id. Here, the regulation in question provides that "[a]rt and hobbycraft programs are intended for the personal enjoyment of an inmate and as an opportunity to learn a new leisure skill. They are not for the mass production of art and hobbycraft items by artists or to provide a means of supplementing an inmate's income." 28 C.F.R. 544.35(d). This provision suggests that the regulation in question is simply meant to guide prison officials in their administration of a leisure program provided for inmate's enjoyment and education, not that the regulation is meant to afford inmates with an actionable due process interest.

Moreover, even if Plaintiff has a protected interest in his property under 28 C.F.R. 544.35(d) or the Due Process Clause itself, he cannot prevail because no claim for due process will lie for governmental confiscation of property where state law provides an adequate postdeprivation remedy for the loss. Lindsey v. Storey, 936 F.2d 554, 560 (11th Cir. 1991) (holding that confiscation of individual's property does not give rise to due

process claim "if a meaningful postdeprivation remedy for the loss is available" (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984))). Here, as noted above, Georgia law provides for a statutory conversion action, see O.C.G.A. § 51-10-1, and that conversion statute has been held an adequate postdeprivation remedy that precludes a due process claim for the deprivation of property. Lindsey, 936 F.2d at 560 (holding that existence of Georgia state law claim for conversion of property precluded § 1983 due process claim[5] against state officers for unlawfully seizing and retaining plaintiff's property). Accordingly, Plaintiff has failed to state any claim upon which relief may be granted.

## III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of March, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]Lindsey involved a due process claim against state officials brought pursuant to § 1983. However, the Eleventh Circuit has held the same principles applicable to Fifth Amendment due process claims brought by federal prisoners. Rodriguez-Mora v. Baker, 792 F.2d 1524, 1526-1528 (11th Cir. 1986) (*per curiam*).

6